UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTHONY D. BROWNE,

    Plaintiff,

    v.      CAUSE NO. 3:23-CV-621-JD-JEM

MATTHEW HASSEL, et al.,

    Defendants.

OPINION AND ORDER

Anthony D. Browne, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Browne is incarcerated at the Marshall County Jail. Sometime between December 25, 2022, and April 10, 2023, items in his property came up missing; namely, a ring, wallet, sports bag, and prescribed medications. Browne has sued Sheriff Matthew Hassel and Chief Jailer Beau Holcomb. He claims they were negligent in safeguarding his property or alternatively that it was intentionally stolen.

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Thus, the complaint does not state a claim.

For these reasons, this case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED on August 2, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT